UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BRUCE LORENTE,<br><br>　　　　　　　Defendant. | CASE NO. 2:15-cv-00274-RJB<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE *AMICUS* BRIEF BY ELECTRONIC FRONTIER FOUNDATION |

　　　THIS MATTER comes before the Court on a Motion for Leave to File *Amicus* Brief by Electronic Frontier Foundation (EFF). Dkts. 38, 40. The United States filed a Response (Dkt. 41), and EFF filed a Reply (Dkt. 46). Mr. Lorente has not filed any briefing either in support of or in opposition to the motion. The Court has considered the remainder of the file herein.

　　　According to EFF, a self-proclaimed "recognized expert" on the intersection of civil liberties and technology, the law enforcement techniques employed in this case present novel questions of Fourth Amendment law. Dkt. 38, at 1, 2. EFF has filed *amicus* briefs in similar kinds of cases at the Supreme Court of the United States, the Ninth Circuit, and the United States District Court of Eastern Washington. *Id*.

The United States objects to granting EFF leave to file an *amicus* brief because (1) there is no rule permitting amicus participation in a criminal case pending before a federal district court; and (2) EFF does not offer much "beyond its general agreement" with Mr. Lorente, so the additional briefing would only burden the Court. Dkt. 41, at 1, 2.

Historically, amicus curiae is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and advises the Court in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another. *See Leigh v. Engle,* 535 F.Supp. 418, 420 (N.D.Ill.1982).

The phrase *amicus curiae* means "friend of the court," serving for the benefit of the court and for the purpose of assisting the court in cases of general public interest. *Alexander v. Hall*, 64 F.R.D. 152 (D.S.C.1974). However, the literal translation of the phrase does not always accurately translate in fact. As Chief Judge Posner, Seventh Circuit, has observed: "The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigants' brief." *Ryan v. Commodity Futures Trading Com'n*, 125 F.2d 1062, 1063 (7th Cir.1997).

On the other hand, an *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case, or when the *amicus* has unique information or perspective that can help the court beyond what the parties' lawyers can provide. *See Miller–Wohl Co. v. Commissioner of Labor & Indus.,* 694 F.2d 203, 204 (9th Cir.1982). Since an *amicus* is not a party to the litigation, but participates only to assist the court, the extent to which, if at all, an *amicus* should be permitted to participate lies solely within the discretion of the court. *Id.*; *Hoptowit v. Ray,* 682 F.2d 1237, 1260 (9th Cir.1982).

1       Unfortunately, it was necessary for the undersigned to read *amicus curiae* EFF's brief
2 (Dkt. 40-1) in order to fairly determine whether, and to what degree, *amicus* status should be
3 granted to movant. The Court read the brief. A reading of the brief indicates that it (1) contains
4 allegations of fact not supported in the record (*see, e.g.,* Dkt. 40-1, at p. 7, lines 2-8, and p. 8,
5 lines 2-15), and (2) is essentially a repeat of Defendant's arguments and expected arguments.
6       A much better, and, from the Court's position, more efficient method to get the proposed
7 *amicus*' information and argument before the Court, is for EFF to work with defense counsel so
8 all information is presented in a consolidated fashion, within the page limits. LCR 7(e). EFF does
9 not provide objective, dispassionate, and neutral discussion of the issues. Instead, EFF advocates
10 on behalf of Mr. Lorente, under circumstances where Mr. Lorente is well-represented and does
11 not require EFF's assistance as *amicus curiae*. EFF may have special knowledge beyond what
12 Mr. Lorente's capable attorneys may have. If so, EFF should offer that special knowledge to the
13 Court through defense counsel. Consideration of EFF's briefing adds nothing to resolution of the
14 issues and unnecessarily complicates the proceedings. EFF's motion for leave to file an *amicus*
15 brief should be denied.
16       Furthermore, as the United States points out, neither *amicus* briefs nor participation are
17 anticipated in criminal cases. No rules or guidance regarding *amicus* filings appears in the
18 criminal law for District Courts. There is a good reason for that. If *amicus* filings that supported
19 the defendant—either directly or indirectly—were appropriate, then *amicus* filings from private
20 parties that supported the government would also be appropriate. Such filings would place the
21 defendant in the position of being prosecuted by the government and by *amicus curiae*. That
22 would hardly comport with concepts of fundamental fairness and Due Process. Allowing *amicus*

filings in the criminal setting is just a bad idea. Helpful information in the hands of third parties can be presented to the Court through the parties' counsel.

The Court will disregard the *amicus* brief. Dkt. 40-1.

\* \* \*

The Motion for Leave to File *Amicus* Brief by Electronic Frontier Foundation (Dkt. 38) is DENIED.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 21st day of March, 2016.

ROBERT J. BRYAN
United States District Judge