The Honorable Robert J. Bryan

FILED _____ LODGED
_____ RECEIVED

APR 19 2016

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA, | NO. CR15-274RJB |
|---|---|
| Plaintiff, | **PLEA AGREEMENT** |
| v. | |
| BRUCE LORENTE, | |
| Defendant. | |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Matthew P. Hampton, Assistant United States Attorneys, BRUCE LORENTE, and his attorneys, Colin Fieman and Mohammad Hamoudi, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in the Indictment: Possession of Child Pornography, as charged in Count 2, in violation of Title 18, United States Code, Section 2252(a)(4) and (b)(2).

PLEA AGREEMENT/LORENTE
Case No. CR15-274RJB - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By entering a plea of guilty, the Defendant hereby waives all objections to the form of the charging document. The Defendant further understands that before entering his plea of guilty, he will be placed under oath. Any statement given by the Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

The United States further agrees to dismiss any remaining counts at the time of sentencing.

2. **Elements of the Offense.** The elements of the offense of Possession of Child Pornography, as charged in Count 2, in violation of Title 18, United States Code, Section 2252(a)(4) and (b)(2), are as follows:

*First*, the defendant knowingly possessed matter that the defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

*Second*, the defendant knew each visual depiction contained in the matter was of minors engaged in sexually explicit conduct;

*Third*, the defendant knew that production of such visual depictions involved the use of a minor engaged in sexually explicit conduct; and

*Fourth*, each visual depiction had been either transported in interstate or foreign commerce, or produced using material that had been transported in interstate or foreign commerce by computer or other means.

3. **The Penalties.** Defendant understands that the statutory penalties applicable to Count 2, Possession of Child Pornography, are as follows: Imprisonment for up to twenty (20) years, a fine of up to $250,000, a period of supervision following release from prison of between five (5) years and life, a special assessment of $100, and a $5000 penalty assessment unless the Court determines the Defendant is indigent. The Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

PLEA AGREEMENT/LORENTE
Case No. CR15-274RJB - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictive conditions and requirements. The Defendant further understands that if supervised release is imposed and he violates one or more of the conditions or requirements, the Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in the Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

The Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order the Defendant to pay restitution to any victim of the offense, as required by law.

The Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

The Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4. **Increased Maximum Penalty.** Defendant further understands that in order to invoke the statutory sentence for the offense charged in Count 2, the United States must prove beyond a reasonable doubt that the offense charged in this count involved a visual depiction of a prepubescent minor or a minors under the age of twelve (12) engaged in sexually explicit conduct. Defendant expressly waives the right to require the United States to make this proof at trial and stipulates as a part of this plea of guilty that the offense charged in Count 2 involved a visual depiction of a prepubescent minor or a minor under the age of twelve (12) engaged in sexually explicit conduct.

5. **Rights Waived by Pleading Guilty.** The Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

PLEA AGREEMENT/LORENTE
Case No. CR15-274RJB - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. The right to plead not guilty and to persist in a plea of not guilty;

b. The right to a speedy and public trial before a jury of his peers;

c. The right to the effective assistance of counsel at trial, including, if the Defendant could not afford an attorney, the right to have the Court appoint one for him;

d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e. The right to confront and cross-examine witnesses against the Defendant at trial;

f. The right to compel or subpoena witnesses to appear on his behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against the Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

6. **Forfeiture of Assets**. Pursuant to Title 18, United States Code, Section 2253, the Defendant agrees to forfeit to the United States immediately the Defendant's right, title, and interest in any and all property, real or personal, that was used or intended to be used to commit or to promote the commission of the offenses, and any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110, including but not limited to, the following assets:

a. One Western Digital external hard drive;

b. One Lenovo Thinkpad laptop computer;

c. Three Dell laptop computers; and

PLEA AGREEMENT/LORENTE
Case No. CR15-274RJB - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

        d.      Any and all images of child pornography, in whatever format and however stored.

        With respect to computers, digital devices, and digital or electronic media, the Defendant agrees to forfeit the items and all files, data, and other contents of the items.

        7.      **Statement of Facts**. The parties agree on the following facts. Defendant admits he is guilty of the charged offense:

        Beginning on a date unknown, and continuing until in or about July 2015, in Seattle, Washington, within the Western District of Washington, BRUCE LORENTE used the Internet to view and download image and video files containing depictions of minors engaging in sexually explicit conduct. LORENTE has been viewing child pornography regularly since at least the year 2000.

        On July 28, 2015, LORENTE possessed several digital devices—including those identified above in Paragraph 6—containing more than 4,000 images and 100 videos depicting child pornography. These depictions involved actual children. These depictions showed toddlers, prepubescent minors, and pubescent minors engaging in sexually explicit conduct, including sadistic and masochistic conduct and sexual acts with animals.

        These images include an image file titled 174471.jpg showing a close up of the vaginal area of a girl between two and eight years old. An adult male hand is shown spreading apart the child's labia and an adult penis is shown partially inserted into the child's vagina.

        All of these images and videos were produced using materials that had been shipped and transported in interstate or foreign commerce.

        8.      **United States Sentencing Guidelines**. The Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code,

PLEA AGREEMENT/LORENTE
Case No. CR15-274RJB - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the Defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, the Defendant understands and acknowledges that:

    a.    The Court will determine the applicable Sentencing Guidelines range at the time of sentencing;

    b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d.    The Defendant may not withdraw his guilty pleas solely because of the sentence imposed by the Court.

9. **Acceptance of Responsibility.** At sentencing, if the Court concludes the Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and the Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the district court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b),

PLEA AGREEMENT/LORENTE
Case No. CR15-274RJB - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

because the Defendant has assisted the United States by timely notifying the United States of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

10. **Sentencing Recommendations of the Parties.** The government agrees to recommend a total term of imprisonment of not more than seventy-two (72) months. The Defendant understands and acknowledges that this recommendation is not binding upon the Court and that the Court is free to impose any sentence up to the statutory maximum. Defendant also understands and acknowledges that the government is free to recommend whatever it believes is appropriate with respect to any other aspects of the sentence.

11. **Ultimate Sentence.** The Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

12. **Registration as a Sex Offender.** The Defendant stipulates and agrees that based on the Sex Offender Registration and Notification Act, Title 42, United States Code, Section 16911 et seq., he is entering a plea of guilty to a sex offense and is a sex offender as those terms are defined in the Act. The Defendant further agrees that pursuant to the Act, he is required to register as a sex offender, and keep the registration current, in each jurisdiction where the Defendant resides, is an employee, and is a student. The Defendant further agrees that for initial registration purposes only, the Defendant is required also to register in the jurisdiction in which the Defendant is convicted if such jurisdiction is different from the jurisdiction of residence.

13. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute the Defendant for any additional offenses known to it as of the time of this Agreement, and to dismiss the remaining charges, that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, the Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by the Defendant solely

PLEA AGREEMENT/LORENTE
Case No. CR15-274RJB - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

because of the promises made by the Defendant in this Agreement. The Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by the Defendant.

The Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide the Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

14. **Breach, Waiver, and Post-Plea Conduct.** The Defendant agrees that if the Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and the Defendant may be prosecuted for all offenses for which the United States has evidence. The Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. The Defendant also agrees that if the Defendant is in breach of this Plea Agreement, the Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

The Defendant further understands that if, after the date of this Plea Agreement, the Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of his confinement, (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against the Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to

PLEA AGREEMENT/LORENTE
Case No. CR15-274RJB - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

15. **Waiver of Appeal and Rights to Collateral Attack.** The Defendant acknowledges that by entering the guilty plea required by this Plea Agreement, the Defendant waives all rights to appeal from his conviction and any pretrial rulings of the Court. The Defendant further agrees that, provided the Court imposes a custodial sentence that is not greater than seventy-two (72) months, the Defendant waives to the full extent of the law:

   a. any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

   b. any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude the Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If the Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute the Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

16. **Voluntariness of Plea.** The Defendant agrees that he has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the

PLEA AGREEMENT/LORENTE
Case No. CR15-274RJB - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

promises contained in this Plea Agreement, were made to induce the Defendant to enter his pleas of guilty.

17. **Statute of Limitations**.  In the event this Plea Agreement is not accepted by the Court for any reason, or the Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by the Defendant is discovered by the United States Attorney's Office.

PLEA AGREEMENT/LORENTE
Case No. CR15-274RJB - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18. **Completeness of Agreement.** The United States and the Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 19th day of April, 2016.

_____
BRUCE LORENTE
Defendant

_____
COLIN FIEMAN
MOHAMMAD HAMOUDI
Attorneys for Defendant

_____
MICHAEL DION
Assistant United States Attorney

_____
MATTHEW P. HAMPTON
Assistant United States Attorney

PLEA AGREEMENT/LORENTE
Case No. CR15-274RJB - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970